UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MARY DENMARK,

     Plaintiff,

v.                             Case No. 8:17-cv-3087-T-CPT

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security,

     Defendant.
_____/


## **O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claim for Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is affirmed.

### I.

The Plaintiff was born in 1965 and has no past relevant work experience. (R. 25). On October 2, 2014, she applied for SSI, alleging disability as of August 11, 2014. (R. 151-54). The Social Security Administration (SSA) denied her application both initially and on reconsideration. (R. 63, 75).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on December 1, 2016. (R. 31-56). The Plaintiff was represented by counsel at that hearing and testified on her own behalf. (R. 35-49). A vocational expert also testified. (R. 49-54).

In a decision dated January 18, 2017, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since her application date of October 2, 2014; (2) had the severe impairments of asthma, peripheral neuropathy, iron deficiency anemia, vasculitis, depressive disorder, anxiety disorder, and cocaine dependence; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform light work with some nonexertional limitations, including—of relevance to this appeal—the mental limitations that she could perform only simple, routine, and repetitive tasks and make only simple work-related decisions; and (5) could perform the unskilled jobs of photocopy machine operator, office helper, and cleaner/housekeeper, which exist in significant numbers in the national economy. (R. 15-26). The ALJ based the step-five finding on the VE's testimony as well as the Plaintiff's high-school education and ability to communicate in English. As a result of his analysis, the ALJ concluded that the Plaintiff was not disabled. (R. 26).

The Appeals Council denied the Plaintiff's request for review. (R. 1-5). Accordingly, the ALJ's decision became the final decision of the Commissioner.

## II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a); 416.905(a).[1] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)).[2] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given his or her RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof

---

[1] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id.* In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. *See* 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Although no deference is given to the Commissioner's legal conclusions, her findings of fact "are conclusive if they are supported by 'substantial evidence.'" *Doughty*, 245 F.3d at 1278 (quotation and citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).

In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations,

or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). Indeed, it is the province of the Commissioner, not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).[3] Thus, the Court's role is confined to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Moore*, 405 F.3d at 1211. Where this quantum of evidence exists, the Court must affirm the Commissioner "even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Philips*, 357 F.3d at 1240 n.8).

### III.

The Plaintiff's sole argument on appeal is that the ALJ erred in finding she had a high school education and was able to communicate in English. (Doc. 22 at 5). In support of this contention, the Plaintiff claims that the record reflects she attended special education classes in high school, had difficulty reading, and may be illiterate. *Id.* at 5-6. She further asserts that, if found illiterate, she would be deemed disabled under the Medical-Vocational Guidelines given her age and limitation to light exertional work. *Id.* at 7.

In response, the Commissioner contends that substantial evidence supports the ALJ's findings regarding the Plaintiff's education level, ability to communicate, and literacy, and that, even accepting the Plaintiff's assertion that her education level was

---

[3] Decisions of the former Fifth Circuit issued prior to October 1, 1981, bind this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

"marginal" (as defined by the Regulations), she would still be able perform the simple, unskilled jobs of the sort the ALJ found she could. *Id.* at 9-10.

Upon a thorough review of the record and the parties' submissions, the Court finds that the ALJ's challenged findings are supported by substantial evidence.

With respect to the Plaintiff's education level, her academic transcript indicates that she graduated from high school on June 8, 1984. (R. 235). In addition, at the hearing before the ALJ, the Plaintiff admitted that she had a high school education. (R. 37). In particular, when asked by the ALJ, "I have that you have a high school education, is that correct?," the Plaintiff replied, "Yes." *Id.* These portions of the record provide substantial evidence supporting the ALJ's determination regarding the Plaintiff's level of education. Although the Plaintiff is correct that the record also indicates she attended special education courses, *see* (R. 44, 184), that fact does not mean that she is not high-school educated.

The Plaintiff's contention that she qualifies as illiterate is likewise without merit. Illiteracy in the disability context is defined as "the inability to read or write." 20 C.F.R. § 416.964(b)(1). According to the Regulations, an individual will be considered illiterate "if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling." *Id.*

While there is certainly some evidence here that the Plaintiff struggled with reading, there is no indication that she is wholly unable to read or write or lacks the

ability to read or write a simple message. Indeed, the evidence is to the contrary. At the hearing before the ALJ, for example, the Plaintiff testified as follows:

> Pltf: I was in a special ed class.
>
> Pltf's Atty: What was the reason why you were in special ed?
>
> Pltf: I couldn't read. I couldn't, *I could write* but couldn't read, I couldn't spell. And I was slow on everything I was doing. So, they had a tutor that help you out.
>
> Pltf's Atty: So, do you read now?
>
> Pltf: *I could read but I don't understand, like, big words. I can't pronounce them.*

(R. 44) (emphasis added).

Further, as noted by the Commissioner, the Plaintiff reported in a Function Report submitted to the SSA that her hobbies include reading the Bible and reading about her illness. (R. 190, 193).

In light of this evidence, the Plaintiff's contention that she should have been considered illiterate and thus disabled under the Medical-Vocational Guidelines is unavailing.

The Plaintiff's remaining assertion that the ALJ's finding regarding her ability to communicate in English is similarly unsupported. The inability to communicate in English can be considered an educational factor that the Commissioner considers when evaluating what work, if any, a claimant can perform. 20 C.F.R. § 416.964(b)(5). As explained in the pertinent regulation, "Because English is the dominant language of the country, it may be difficult for someone who doesn't speak

and understand English to do a job, regardless of the amount of education the person may have in another language." *Id.*

Here, there is no evidence that the Plaintiff was a non-native English speaker or otherwise not fluent in English, notwithstanding her difficulties with reading big words (discussed above). To the contrary, the record displays that the Plaintiff communicated quite well with the ALJ at the hearing and did not require a translator. As such, the ALJ's finding that she could communicate in English is substantially supported.

IV.

For the foregoing reasons, it is hereby ORDERED:

1) The Commissioner's decision is AFFIRMED.

2) The Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

DONE and ORDERED in Tampa, Florida, this 28th day of February 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record